1    THOMAS A. FASEL (BAR NO. 239964)
     FASEL LAW
2    610 Newport Center Drive, Suite 810
     Newport Beach, CA 92660
3    Phone: 949.706.3188
     Fax:    949.606.7002
4
5    SHERRI S. SHAFIZADEH (BAR NO.  182363)
     Law Offices of Sherri S. Shafizadeh
     4 Park Plaza, Suite 1100
6    Irvine, CA  92614
     Phone: 949-474-0757
7    Fax:     949-474-0070                     .

8    *Proposed Special Litigation Counsel for Chapter 7 Trustee*
     Rosendo Gonzalez
9
                    UNITED STATES BANKRUPTCY COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

12

13
     In re:                              |  Case No. 2:16-bk-25444
14
     WLADIMIR JOHN KLIMENKO,             |  Chapter Number:  7
15
                    Debtors.             |
16                                       |   Adv. No. _____

17

18   Rosendo Gonzalez, Chapter 7 Trustee |  **COMPLAINT FOR:**

                    Plaintiff,           |
19                                       |  **(1)    AVOIDANCE AND RECOVERY OF
            v.                           |  FRAUDULENT TRANSFER PURSUANT
20                                       |  TO 11 U.S.C. SECTION 544(b)(1),
     ROBERT ANTHONY BROWN, an            |  548(a)(1)(A), AND 550, AND CALIFORNIA
21   individual; LAW OFFICES OF ROBERT   |  CIVIL CODE SECTION 3439.04(a)(1);**
     BROWN, a unknown business entity;   |
22   ACQUIPLIED ASSETS, B.T., a Nevada   |  **(2)    AVOIDANCE AND RECOVERY OF
     Business Trust; WLADIMIR JOHN       |  FRAUDULENT TRANSFER PURSUANT
23   KLIMENKO, an individual;  WLADIMIR  |  TO 11 U.S.C. SECTIONS 544(b)(1),
     J. KLIMENKO LIVING TRUST DATED      |  548(a)(1)(B)(i)(ii)(I), AND 550,
24   MARCH 10, 2005, a California Trust; |  CALIFORNIA CIVIL CODE SECTION
     JEFERY ALAN ABRAHAM, TRUSTEE        |  3439.05;**
25   OF THE JEFFREY ALAN ABRAHAM         |
     LIVING TRUST DATED 1/28/1997; JMS   |  **(3)    AVOIDANCE AND RECOVERY OF
26   FINANCIAL, INC., an entity of unknown |  FRAUDULENT TRANSFER PURSUANT
     form; DEANNA SHAPIRO, an individual; |  TO 11 U.S.C. SECTIONS 544(b)(1),
27   BANK OF THE WEST, a California      |  548(a)(1)(B)(i)(ii)(II) AND 550, AND
     corporation;                        |  CALIFORNIA CIVIL CODE SECTION**
28                    Defendants.        |

3439.04(a)(2)(A);

**(4)   AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. SECTIONS 544(b)(1), 548(a)(1)(B)(i)(ii)(III), AND 550, AND CALIFORNIA CIVIL CODE SECTION 3439.04(a)(2)(A);**

**(5)   PRESERVATION OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. §551;**

**(6)   DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. § 502(d); AND**

**(7)   DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. § 502(b)**

Rosendo Gonzalez (the "Plaintiff or the "Trustee"), solely in his capacity as chapter 7 trustee for the bankruptcy estate of Wladimir John Klimenko ("Klimenko" or "Debtor") in the above captioned bankruptcy and Plaintiff in this adversary proceeding, respectfully represents and alleges:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

2.   Venue in this Court is proper pursuant to 28 U.S.C. §1409 as this adversary proceeding arises under and in connection with a case under Title 11, which is pending in this District.

3.   This is a core proceeding as defined by 28 U.S.C. §§147(b)(2)(A)(B), and (H).

## THE PARTIES

4.   The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on November 22, 2016 (the "Petition Date"), thereby commencing the bankruptcy case entitled *In re Wladimir John Klimenko* (the "Bankruptcy Case"). Klimenko is a mortgage broker.

5.   Rosendo Gonzalez is the duly appointed, qualified, and acting chapter 7 Trustee in the Bankruptcy Case and is the Plaintiff herein.

6.   Plaintiff is informed and believes that defendant Robert Anthony Brown

2

COMPLAINT

("Attorney Brown") is an attorney licensed in California, and at all time relevant herein, doing business in the County of Los Angeles, California.

7.    Plaintiff is informed and believes that Defendant the Law Offices of Robert Brown ("Law Offices of Brown"), is and at all times relevant herein a law firm owned by Attorney Brown and located at 117 E. Colorado Blvd., Suite 600, Pasadena, California 91105.  Both Attorney Brown and Law Offices of Brown represented Klimenko from the initiation of the Underlying Action (defined below in paragraph 28) to the final Judgment rendered against Klimenko, and the appeals filed thereafter.  Attorney Brown and Law Offices of Brown shall collectively be referred to as "Attorney Brown."

8.    Plaintiff is informed and believes that Defendant Acquiplied Assets, B.T. is and at times relevant herein, a Nevada Business Trust established for the benefit of Attorney Brown.

9.    Plaintiff is informed and believes that Defendant Wladimir John Klimenko ("Klimenko) is and at all times relevant herein, an individual residing in the County of Los Angeles, California.

10.    Plaintiff is informed and believes that Defendant Klimenko Living Trust Dated March 10, 2005 is and at all times relevant herein, a California Trust made for the benefit of Defendant Klimenko, and an alter ego of Klimenko.

11.    Plaintiff is informed and believes that Defendant Jeffrey Alan Abraham, Trustee of the Jeffrey Alan Abraham Living Trust Dated 1/28/1997 is a Trust for the benefit of Jeffrey Alan Abraham and organized as a Trust under the laws of the State of California.

12.    Plaintiff is informed and believes that JMS Financial, Inc. is a corporation organized under the laws of the State of California.

13.    Plaintiff is informed and believes that Deanna Shapiro is an individual residing in the County of Los Angeles, State of California.

14.    Plaintiff is informed and believes that Defendant Bank of the West, is a California corporation, doing business in the County of Los Angeles, State of California.

3

COMPLAINT

# FACTUAL ALLEGATIONS

## THE UNDERLYING ACTION

15.     On or about March 24, 2005, Creditor Edward H. Olague, Sr. Successor Trustee of the Theodasia A. Olague Living Trust Dated April 28, 1998 (hereinafter the "Creditor") and Klimenko entered into a Residential Purchase Agreement and Joint Escrow Instructions (the "Purchase Agreement") pursuant to which Creditor agreed to sell a property to Klimenko for the sum of $290,000.00.

16.     As consideration of and as an inducement for Creditor to enter into the Purchase Agreement, Klimenko executed an Installment Note, pursuant to which Defendant Klimenko agreed to pay Creditor the principal sum of $290,000.00 plus interest at the rate of 6.5% per annum, with the maturity date of July 1, 2035.

17.     As further consideration of and as an inducement for Creditor to enter into the Purchase Agreement, Klimenko executed a Deed of Trust With Assignment of Rents (the "Klimenko Deed of Trust").

18.     Pursuant to the Installment Note, the parties expressly agreed that "upon the death of Theodosia A. Olague the entire loan shall become due and payable." Similarly, in Addendum No. 1 to the Purchase Agreement, the parties expressly agreed that "Buyer will payoff loan (Loan is due and payable) upon the death of Theodosia Olague, or if Executor needs extra funds to maintain Theodosia Olague senior assistance."

19.     Pursuant to the Installment Note, the parties further expressly agreed that in the event the subject property, or any part thereof, or any interest therein was "sold, conveyed, alienated, assigned or otherwise transferred by [Klimenko], or by the operation of law or otherwise, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, at the option of the [Creditor], and without demand or notice shall

4

immediately become due and payable,..."

20.    On or about February 9, 2009, Theodosia A. Olague died.  Accordingly, by letter dated April 20, 2009, Creditor informed Klimenko of this fact, and demanded that he pay the full balance of the Note as required by the Note.

21.    On or about January 5, 2006, without the authority, knowledge or consent of Creditor, Klimenko falsely caused a Substitution of Trustee and Full Reconveyance for the subject property (the "Full Reconveyance") to be recorded with the County Recorder as Instrument Number 060021001 claiming a full reconveyance of Creditor's Deed of Trust without paying off the Note.

22.    In essence, Klimenko defrauded Creditor into signing the Full Reconveyance.  In fact, Creditor would have never knowingly agreed to reconvey the Klimenko Deed of Trust to Defendant Klimenko without having first required Klimenko to pay off the amount due under the Note.

23.    On or about January 5, 2006, without the authority, knowledge or consent of Creditor, Klimenko caused to be recorded in the County Recorder's Office a Grant Deed purporting to transfer the Subject Property from Klimenko to Ruben Martinez ("Martinez") as Instrument Number 060021003 (another Defendant in the Underlying Action).

24.    Martinez was found to have actual knowledge of Creditor's actual interest in the subject property and/or the wrongful Full Reconveyance, and the court in the Underlying Action entered judgment against him for declaratory relief, after he, through attorney **Robert A. Brown** (beneficiary of the Fraudulent Transfer Deeds discussed below), filed for bankruptcy, which Creditor was forced to oppose, and seek relief in bankruptcy court through an appeal process, all as a further delaying tactics by Defendant Klimenko.

COMPLAINT

## THE JUDGMENT FOR FRAUD AGAINST THE DEBTOR

25.    As a result of Klimenko's fraudulent actions, on or about August 17, 2009 Creditor sued Defendant Klimenko, among others, in the underlying lawsuit entitled *Edward H. Olague, Sr. v. Wladimir John Klimenko, et al.* (Los Angeles Superior Court Case Number BC419984) (hereafter "Underlying Action").   In the Underlying Action, Creditor obtained a final judgment against Klimenko for **Fraud** in the amount of $627,305.76 ("Judgment"), which is non-dischargeable.

26.    In the Underlying Action, Creditor alleged that Defendant Klimenko defrauded him into signing a Full Reconveyance and Substitution of Trustee effectively relinquishing Creditor's real property to Defendant Klimenko without any due compensation.  A bench trial was held in the Underlying Action in January of 2013.  The Court's decision was based upon extensive evidence submitted at trial that established that the Debtor had engaged in improper and fraudulent conduct.  After the conclusion of Trial, the Court found Klimenko liable to Creditor for **Fraud.**

27.    On or about February 22, 2013, the Court in the Underlying Action filed and served a Tentative Decision and Statement of Decision Following Trial finding Defendant Klimenko liable to Creditor for Fraud and awarded compensatory and punitive damages.

28.    On or about May 6, 2013, the Court in the Underlying Action filed and served the final amended judgment, entering judgment against Klimenko in the amount of $627,305.76, which included attorney's fees and costs in favor of Creditor as the prevailing party.  A copy of the Judgment is attached hereto and incorporated herein as **Exhibit "1."**

29.    On or about May 14, 2013, Creditor caused an Abstract of Judgment to be issued in the Underlying Action, which was recorded on May 16, 2013 in Los Angeles County, as Instrument Number 20130742208.  A copy of the Abstract is attached and incorporated herein as **Exhibit "2."**

30.    In order to delay the collection of the Judgment, on February 24, 2014, Defendant Klimenko, through his attorney **Robert A. Brown** (beneficiary of the Fraudulent

COMPLAINT

Transfer Deeds described below) filed an appeal of the Underlying Action's Judgment.

Creditor was forced to oppose Klimenko's unmeritorious appeal in the Court of Appeal of the

State of California, Second Appellate District, Division One. After conducting a full hearing

and briefing, the Appellate Court, on February 24, 2015 issued its ruling **affirming** the

Underlying Action's Judgment. A copy of the Court of Appeal's Ruling is attached as **Exhibit**

**"3."**

31.    On or about April 1, 2016, Creditor caused to be issued a Notice of Judgment

Lien with the Secretary of State of California (File No: 16-7517801167). A copy of the Notice

of Judgment Lien is attached hereto and incorporated herein as **Exhibit "4."**

## THE FRAUDULENT TRANSFER DEEDS OF OLYMPIC PROPERTY

32.    During the pendency of the Underlying Action, which had commenced on

August 17, 2009, Defendant Klimenko owned, and currently owns, through his living trust, a

**commercial real property that is commonly known as 6400 E. Olympic Avenue, Los**

**Angles, California 90022-5468 ("Olympic Property").** A copy of the Grant Deed is attached

hereto and incorporated herein as **Exhibit "5."**

The legal description of the Olympic Property is:

> Lot 374 of Tract No. 8649, in the County of Los Angeles, State of
> California, as per map recorded in Book 131, Pages 33 to 35 inclusive of
> Maps, in the Office of the County Recorder of said County
> The Assessor Parcel Number for the Olympic Property is 6351-027-001.

33.    While the litigation was pending, on or about September 26, 2011, Klimenko

executed a Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture

Filing ("September 26, 2011 Deed") **for the benefit of Jeffrey Alan Abraham, Trustee of the**

**Jeffrey Alan Abraham Living Trust Dated 1/28/1997, JMS Financial, Inc. and Deanna**

**Shapiro** in the amount of **$200,000.00**, which is secured by the **Olympic Property**. A true and

correct copy of the September 26, 2011 Deed is attached hereto and incorporated herein as

**Exhibit "6".** On or about September 30, 2011, the September 26, 2011 Deed was recorded

against the Olympic Property at the Recorder's Office, Los Angeles County, California.

34.    At the conclusion of the trial, but right before the Statement of Decision was

7

1    rendered in the Underlying Action, Klimenko, on or about February 14, 2013, executed a Deed

2    of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing ("February

3    14, 2013 Deed") **for the benefit of Jeffrey Alan Abraham, Trustee of the Jeffrey Alan**

4    **Abraham Living Trust Dated 1/28/1997 and JMS Financial, Inc.** in the amount of

5    **$300,000.00**, which is secured by the **Olympic Property**.  A true and correct copy of the

6    February 14, 2013 Deed is attached hereto and incorporated herein as **Exhibit "7"**.  On or about

7    February 22, 2013, the February 14, 2013 Deed was recorded against the Olympic Property at

8    the Recorder's Office, Los Angeles County, California.

9         35.    Again, at the conclusion of the trial, but right before the Statement of Decision

10   was rendered in the Underlying Action, Klimenko, on or about March 25, 2013, executed a

11   Blanket Deed of Trust with Absolute Assignment of Leases and Rents, Security Agreement and

12   Fixture Filing ("March 25, 2013 Deed") for the benefit of "ACQUIPLIED ASSETS, B.T., a

13   Nevada Business Trust ("Trustee"), for the **benefit of Robert A. Brown, Esq.**

14   **("Beneficiary")"** in the amount of **$280,000.00**, which is secured by the **Olympic Property**.  A

15   true and correct copy of the March 25, 2013 Deed is attached hereto and incorporated herein as

16   **Exhibit "8"**.  On or about March 26, 2013, Defendant Attorney Brown recorded the March 25,

17   2013 Deed against the Olympic Property at the Recorder's Office, Los Angeles County,

18   California.

19        **THE FRAUDULENT TRANSFER DEEDS OF THE FLORENCE PROPERTY**

20        36.    At all times during the litigation of this action, Klimenko owned, and currently

21   owns, through a living trust, a **commercial real property that is commonly known as 8361 E.**

22   **Florence Avenue, Downey, California 90240 ("Florence Property")**.  A copy of the Grant

23   Deed is attached hereto and incorporated herein as **Exhibit "9."**  The legal description of the

24   Florence is:

25        That Portion Of The Rancho Santa Gertrudes, In The City Of Downey, County
          Of Los Angeles, State Of California, Described As Follows:
26        Beginning At A Point In The Center Line Of Florence Avenue (80 Feet Wide)
          As Described In Deed Recorded In Book 17593 Page 268 Of Official Records,
27        In The Office Of The County Recorder Of Said County, Distant Along Said
          Centerline South 64° 26' 00" East 613.48 Feet From The Northeasterly
28        Terminus Of The Course Of The Course Of The Center Line Of Downey

8

Avenue (Formerly Crawford Street) Shown On Map Of Tract 6155 In Book 108 Pages 6 And 7 Of Maps, In The Office Of The County Recorder As South 31° 10' 20" West 105.55 Feet, Thence Northeasterly In A Direct Line 228.42 Feet, More Or Less, To A Point In The Southwesterly Line Of Tract 13304 Recorded In Book 342 Pages 3 To 5 Of Maps, Distant Southeasterly Thereon 150.96 Feet From The Most Northerly Corner Of The Land Described In Deed To William W. Strohlow, Recorded On May 3, 1951 As Instrument No. 504, In Book 36198 Page 446 Of Official Records Of Said County, Thence Southeasterly Along Said Southwesterly Line 52.99 Feet, More Or Less To The Most Easterly Corner Of The Land Described In The Last Mentioned Deed, Thence Along The Southeasterly Line Of The Land Described In Said Land Mentioned Deed Southwesterly 223.13 Feet ,More Or Less To A Point In Said Center Line, Distant South 64° 26' 00" East 53.24 Feet From The Point Of Beginning Thence Along Said Center Line North 64° 26' 00" East 53.24 Feet To The True Point Of Beginning. The Assessor Parcel Number for the Florence Property is 6362-018-005.

37.     Klimenko also caused the March 25, 2013 Deed which was for the benefit of "ACQUIPLIED ASSETS, B.T., a Nevada Business Trust ("Trustee"), **for the benefit of Robert A. Brown, Esq.** ("Beneficiary")" in the amount of **$280,000.00**, to secured the **Florence Property**.

38.     On or about February 27, 2013, Klimenko executed a Deed of Trust ("February 27, 2013 Deed") **for the benefit of Bank of the West** in the amount of **$500,000.00**, which is secured by the **Florence Property**. A true and correct copy of the February 27, 2013 Deed is attached hereto and incorporated herein as **Exhibit "10."** On or about February 22, 2013, the February 27, 2013 Deed was recorded against the Florence Property at the Recorder's Office, Los Angeles County, California.

39.     The September 26, 2011 Deed, February 14, 2013 Deed, February 27, 2013 and the March 25, 2013 Deed are hereafter collectively referred to as "Fraudulent Transfer Deeds". Creditor discovered the aforementioned Fraudulent Transfer Deeds, the deeds of trust recorded against the Florence and Olympic Properties, on or about July 13, 2016 after initiating collection proceedings against Klimenko during a Judgment Examination hearing in the Underlying Action.

40.     After the Judgment Examination hearing, Creditor brought a Motion for Assignment of Rent for the two commercial properties – **Olympic Property and Florence Property**. The Court in the Underlying Action granted Creditor's Motion for Assignment of

COMPLAINT

Rent.  However, Klimenko (through **Robert Brown**), as a further delaying tactic, appealed the Court's ruling on that issue.  But before the Creditor may proceed to oppose the appeal, Klimenko filed a Chapter 7 bankruptcy, and the action was stayed.

41.    In the meantime, Creditor had also filed a Motion to Amend the Judgment to include Klimenko's living trust, but before the hearing on that motion, he filed for Chapter 7 bankruptcy, and all proceedings were stayed as a result of the filing.

42.    Creditor had also filed an action against the beneficiaries in the above referenced Fraudulent Transfer Deeds, entitled *Olague v. Brown, et al.* in the Superior Court of Los Angeles, Central District, (Case No:  BC BC636207).  However, based on Klimenko's filing of the Chapter 7 bankruptcy, this case has also been stayed.

43.    On information and belief, the aforementioned deeds of trust were recorded against the Florence and Olympic Properties, for which the beneficiaries did not pay reasonably equivalent value in exchange for the transfer or obligation and were intended to incur, or believed or reasonably should have believed that Klimenko would incur debts beyond his ability to pay as they became due.

44.    On information and belief, on or about June 30, 2016, Klimenko admitted that the Fraudulent Transfer Deeds recorded against the Olympic and Florence Properties were fraudulent, performed upon the assistance and direction of Attorney **Robert Brown**, given without due compensation and for the intent of preventing Creditor from recovering the Judgment.

45.    Despite the Fraudulent Transfer Deeds described above, Klimenko has retained possession and control of the Olympic and Florence Properties.  All of the fraudulent transfers described above were performed upon the imminent judgment against Klimenko in the Underlying Action or within days of Klimenko actually incurring the Judgment.  The Fraudulent Transfer Deeds were not disclosed to Creditor.  The Fraudulent Transfer Deeds encumbered substantially all of Klimenko's assets.

46.   The filing of the Debtor's bankruptcy petition will prevent Creditors from executing on their claims and judgment for fraud against the Debtor, who is not able to

COMPLAINT

1  discharge the fraud action in this bankruptcy.

2      47.    To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b),

3  Creditor is informed and believes, and based thereon alleges, that there exists in this case one or

4  more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not

5  allowable only under 11 U.S.C. § 502(e), who could have avoided the Defendant Deed of Trust

6  under California or other applicable law before the Petition Date.

7                          **FIRST CLAIM FOR RELIEF**

8  **[AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11**

9  **U.S.C. SECTION 544(b)(1), 548(a)(1)(A), AND 550, AND CALIFORNIA CIVIL CODE**

10                      **SECTION 3439.04(a)(1)]**

11     48.    The allegations contained in paragraphs 1 through 47, inclusive, are realleged and

12  incorporated herein by this reference as through set forth in full herein.

13     49.    The Fraudulent Transfer Deeds were made during the pendency of the Underlying

14  Action, and right after the Judgment was rendered in the Underlying Action.

15     50.    The Fraudulent Transfer Deeds was made with the actual intent to hinder, delay or

16  defraud Creditor, Edward H. Olague, Sr., Success Trustee of the Theodasia A. Olague Living

17  Trust Dated April 28, 1998 to which Debtor was indebted.

18     51.    By reason of the foregoing, pursuant to Section 548(a)(1)(A) and 550 of the

19  Bankruptcy Code and Section 3439.04(a)(1) of the California Civil Code, as made applicable to

20  this adversary proceeding by Section 544(b)(1) of the Bankruptcy Code, the Trustee may avoid,

21  recover, and preserve for the benefit of the bankruptcy estate the Fraudulent Transfer Deeds.

22                          **SECOND CLAIM FOR RELIEF**

23  **[AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11**

24  **U.S.C. SECTIONS 544(b)(1), 548(a)(1)(B)(i)(ii)(I), AND 550, AND CALIFORNIA CIVIL**

25                      **CODE SECTION 3439.05 ]**

26     52.    The allegation contained in paragraph 1 through 51, inclusive, are reallaged and

27  incorporated herein by this reference as through set forth in full herein.

28     53.    The Fraudulent Transfer Deeds were made during the pendency of the Underlying

COMPLAINT

1    Action, and right after the Judgment was rendered in the Underlying Action.

2        54.    The Debtor did not receive reasonably equivalent value in exchange for the

3    transfer of the Fraudulent Transfer Deeds.

4        55.    At the time of the transfer of the Fraudulent Transfer Deeds, Debtor was insolvent

5    or was rendered insolvent as a result thereof.

6        56.    By reason of the foregoing, pursuant to Section 548(a)(1)(B)(i)(ii)(I) and 550 of

7    the Bankruptcy Code  and Section 3439.05 of the California Civil Code, as made applicable to

8    this adversary proceeding by Section 544(b)(1) of the Bankruptcy Code, the Trustee may avoid

9    recover, and preserve for the benefit of the bankruptcy estate the Fraudulent Transfer Deeds.

10                          **THIRD CLAIM FOR RELIEF**

11    **[AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11**

12    **U.S.C. SECTIONS 544(b)(1), 548(a)(1)(B)(i)(ii)(II), AND 550, AND CALIFORNIA CIVIL**

13                      **CODE SECTION 3439.04(a)(2)(A) ]**

14        57.    The allegation contained in paragraph 1 through 56, inclusive, are realleged and

15    incorporated herein by this reference as through set forth in full herein.

16        58.    At the time of the transfer of the Fraudulent Transfer Deeds, the Debtor was

17    engaged in business or a transaction, or were about to engage in business or transaction, for which

18    his remaining assets were unreasonably small in relation to such business or transaction.

19        59.    By reason of the foregoing, pursuant to Section 548(a)(1)(B)(i)(ii)(II) and 550 of

20    the Bankruptcy Code and Section 3439.04(a)(2)(A) of the California Civil Code, as made

21    applicable to this adversary proceeding by Section 544(b)(1) of the Bankruptcy Code, the Trustee

22    may avoid, recover, and preserve for the benefit of the bankruptcy estate the Fraudulent Transfer

23    Deeds.

24                          **FOURTH CLAIM FOR RELIEF**
     **[AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11**
25    **U.S.C. SECTIONS 544(b)(1), 548(a)(1)(B)(i)(ii)(III), AND 550, AND CALIFORNIA CIVIL**
                      **CODE SECTION 3439.04(a)(2)(A) ]**
26
         60.    The allegation contained in paragraph 1 through 59, inclusive, are realleged and
27
     incorporated herein by this reference as through set forth in full herein.
28

                                  12

61.     At the time of the transfer of the Fraudulent Transfer Deeds, the Debtor intended to incur, or believed or reasonably should have believed that they would incur, debts beyond the Debtors' ability to pay as such debts matured.

62.     By reason of the foregoing, pursuant to Section 548(a)(1)(B)(i)(ii)(III) and 550 of the Bankruptcy Code and Section 3439.04(a)(2)(B) of the California Civil Code, as made applicable to this adversary proceeding by Section 544(b)(1) of the Bankruptcy Code, the Trustee may avoid, recover, and preserve for the benefit of the bankruptcy estate the Fraudulent Transfer Deeds.

## FIFTH CLAIM FOR RELIEF
### [PRESERVATION OF AVOIDED AND RECOVERED TRANSFER PURSUANT TO 11 U.S.C. §551]

63.     The allegation contained in paragraph 1 through 62, inclusive, are realleged and incorporated herein by this reference as through set forth in full herein.

64.     Upon avoidance and recovery of the transfer for the Fraudulent Transfer Deeds pursuant to the First, Second, Third or Fourth Claims for Relief, the recovered Fraudulent Transfer Deeds will constitute property of the estate pursuant to 11 U.S.C. § 541(a)(3).

65.     Pursuant to 11 U.S.C. § 551, the avoided and recovered transfer of the Fraudulent Transfer Deeds is automatically preserved for the benefit of the bankruptcy estate.

## SIXTH CLAIM FOR RELIEF
### [DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. § 502(d)]

66.     The allegation contained in paragraph 1 through 65, inclusive, are realleged and incorporated herein by this reference as through set forth in full herein.

67.     To the extent Defendants have filed or file a proof of claim in the Bankruptcy Case, or otherwise assert any claim against the estate, such claim should be disallowed under 11 U.S.C. § 502(d).

## SEVENTH CLAIM FOR RELIEF
### [DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. § 502(b)]

68.     The allegation contained in paragraph 1 through 67, inclusive, are realleged and incorporated herein by this reference as through set forth in full herein.

69.     To the extent Defendants have filed or file a proof of claim in the Bankruptcy Case

COMPLAINT

1    or otherwise assert any claim against the estate, such claim should be disallowed under 11 U.S.C.

2    § 502(b)(1) because Plaintiff is informed and believes that no repayment obligation exists to

3    support the Fraudulent Transfer Deeds and that the same is not supported by any debt as that term

4    is defined by 11 U.S.C. § 502(b)(1) because Plaintiff is informed and believe that no repayment

5    obligation exists to support the Fraudulent Transfer Deeds and that the same is not supported by

6    any debt as that term is defined by 11 U.S.C. § 101(12) and is instead a fraudulent lien intended

7    to shield the Property from administration in this case.

8                                            **PRAYER FOR RELIEF**

9            WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

10   On the First Claim For Relief:

11           (1)     For avoidance and recovery of the Fraudulent Transfer Deeds.

12   On the Second Claim for Relief:

13           (2)     For avoidance and recovery of the Fraudulent Transfer Deeds.

14   On the Third Claim for Relief:

15           (3)     For avoidance and recovery of the Fraudulent Transfer Deeds.

16   On the Fourth Claim for Relief:

17           (4)     For avoidance and recovery of the Fraudulent Transfer Deeds.

18   On the Fifth Claim for Relief:

19           (5)     For automatic preservation of the avoided and recovered Fraudulent Transfer

20   Deeds for the benefit of the bankruptcy estate.

21   On the Sixth Claim for Relief:

22           (6)     For disallowance of any proof of claim Defendants file in the Bankruptcy Case.

23   On the Seventh Claim for Relief:

24           (7)     For disallowance of any proof of claim Defendants file in the Bankruptcy Case .

25   On All Claims for Relief:

26           (8)     To the extent permitted by applicable law, for reasonable attorney's fees;

27           (9)     For cost of suit herein; and

28           (10)    For such other relief as the Court deems just and appropriate.

14

COMPLAINT

1    Dated: March 27, 2017                              By:/s Thomas Fasel

2                                                       Thomas Fasel *Attorneys for Proposed
                                                        Special Litigation Counsel for Chapter 7
3                                                       Trustee*
                                                        Rosendo Gonzalez

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT